UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUCIEN GARCIA, | No. 2:22-cv-01051-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 13, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Plaintiff argues defendants Allision and Lynch should not be removed from the case because they are partly responsible for defendant Kurgan's actions. Objs., ECF No. 28.

1

1    However, as the magistrate judge explained, F. & R. at 2–3, ECF No. 24, "[t]here is no

2    respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

3    1989).  As the magistrate judge concluded, plaintiff cannot state a claim against defendants

4    Allison and Lynch based on their supervisory capacities alone.  *See* F. & R. at 3.  A supervisor

5    can be liable for constitutional violations of his subordinates only "if the supervisor participated

6    in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*,

7    880 F.2d at 1045.  Here, plaintiff's complaint does not include any such allegations.

8           Plaintiff also argues his slip and fall claim was not screened and requests it to be screened.

9    *See* Objs. at 2.  However, the magistrate judge already addressed the slip and fall claim and

10   correctly concluded plaintiff's allegations do not state a claim for deliberate indifference under

11   the Eighth Amendment.  F. & R. at 3.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1. The findings and recommendations filed July 13, 2023, are adopted in full.

14          2. Defendants Allison and Lynch are dismissed from this action without leave to amend.

15          3. The slip-and-fall allegations and the false report claim against defendant Kurgan are

16   dismissed without further leave to amend for failing to state a claim upon which relief may be

17   granted.

18          4. This case is proceeding solely on the Eighth Amendment excessive force claim against

19   defendant Kurgan.

20          5. This matter is referred back to the magistrate judge for further proceedings.

21   DATED:  August 25, 2023.

                                                        _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE