1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LUCIEN GARCIA,                          No.  2:22-cv-1051 DC CKD P

12                  Plaintiff,

13          v.                                        FINDINGS AND RECOMMENDATIONS

14   KATHLEEN ALLISON, et al.,

15                  Defendants.

16

17          Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  This action proceeds on a claim for use of excessive force in

19   violation of the Eighth Amendment against defendant Kurgan.  Specifically, plaintiff alleges that

20   Kurgan dragged plaintiff by his injured right ankle.  Defendant Kurgan moves for summary

21   judgment arguing that plaintiff did not exhaust available administrative remedies prior to filing

22   suit.  Good cause appearing, the court recommends that the motion be granted.

23   I.  Standards

24          Summary judgment is appropriate when it is demonstrated that there "is no genuine

25   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

26   Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

27   "citing to particular parts of materials in the record, including depositions, documents,

28   electronically stored information, affidavits or declarations, stipulations (including those made for

1  purposes of the motion only), admissions, interrogatory answers, or other materials. . .”  Fed. R.

2  Civ. P. 56(c)(1)(A).

3      Summary judgment should be entered, after adequate time for discovery and upon motion,

4  against a party who fails to make a showing sufficient to establish the existence of an element

5  essential to that party's case, and on which that party will bear the burden of proof at trial.  See

6  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  “[A] complete failure of proof concerning an

7  essential element of the nonmoving party's case necessarily renders all other facts immaterial.”

8  Id.

9      If the moving party meets its initial responsibility, the burden then shifts to the opposing

10  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

11  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

12  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

13  of their pleadings but is required to tender evidence of specific facts in the form of affidavits,

14  and/or admissible discovery material, in support of its contention that the dispute exists or show

15  that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.

16  R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

17  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

18  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

19  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

20  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

21  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

22      In the endeavor to establish the existence of a factual dispute, the opposing party need not

23  establish a material issue of fact conclusively in its favor.  It is sufficient that “the claimed factual

24  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

25  trial.”  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the “purpose of summary judgment is to ‘pierce

26  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.’”

27  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

28  amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  In order to "properly exhaust" administrative remedies, the prisoner must generally comply with department procedural rules, including deadlines, throughout the administrative process.  Jones v. Bock, 549 U.S. 199, 218 (2006); Woodford, 548 U.S. at 90-91.

At the time of the incidents at issue in this case, administrative procedures with respect to claims brought in this court by California Department of Corrections and Rehabilitation inmates are exhausted once the second level of review is complete. The second level of review is conducted by the California Department of Corrections and Rehabilitation Office of Appeals in Sacramento.  Cal. Code Regs. tit. 15, §§ 3481-85.

II.  Analysis

Defendant points to evidence indicating plaintiff submitted a grievance as to defendant's dragging plaintiff by plaintiff's ankle on August 6, 2021, the same day the incident allegedly occurred.  ECF 54-3 at 19-20.  Plaintiff also alleged defendant tried to drag him upstairs, slam him to the ground and punched plaintiff on the head and face.  Id.  On September 3, 2021, the

3

1    grievance was "disapproved."  Id. at 23.  Plaintiff received a copy of the decision on September 8,

2    2021.  ECF No. 54-4 at 25.

3              Plaintiff appealed the decision to the Office of Appeals on October 10, 2021.  Id. at 15-16.

4    The appeal was rejected by the Office of Appeals on November 25, 2021, as untimely.  Id. at 25.

5    Appeals to the second level must be submitted within 30 days.  Cal. Code Regs. tit 15, § 3485(a).

6              In his opposition to defendant's motion, plaintiff asserts he turned in his appeal on

7    October 7, 2021, which rendered it timely.  There are two problems with this assertion.  First, his

8    opposition is not made under the penalty of perjury, so the court cannot consider anything therein

9    as evidence.  See Johnson v. Sandy, 2015 WL 1894400, at *1 (E.D. Cal. April 24, 2015)

10   (representations not signed under penalty of perjury should not be examined in determining

11   summary judgment) (citing 28 U.S.C. § 1746).  Second, plaintiff fails to explain how it is that he

12   dated his appeal October 10, 2021, yet submitted it on October 7, 2021.

13             Plaintiff makes other assertions of fact in his opposition which the court does not consider.

14   Even if the court were to accept the representations as true (other than plaintiff's representation as

15   to when he submitted his appeal), plaintiff does not point to anything excusing his failure to file a

16   timely appeal or that the appeal process was not available to him.

17   III.  Conclusion

18             There is no genuine issue of material fact before the court as to whether plaintiff properly

19   exhausted all administrative remedies available to him with respect to his remaining Eighth

20   Amendment claim.  Accordingly, the court will recommend that defendant's motion for summary

21   judgment be granted and that this case be closed.

22             Accordingly, IT IS HEREBY RECOMMENDED that

23             1.  Defendant Kurgan's motion for summary judgment, ECF No. 54, be GRANTED; and

24             2.  This case be closed.

25             These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

4

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 22, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc1051.msj.fte

5